UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA, :

: 26-CR-74 (CBA)

- against - :

VINCENZO RANDAZZO, :

Defendant-Petitioner. :

-----------------------------------------------------X

**MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION TO DISMISS</u>**

Kannan Sundaram
FEDERAL DEFENDERS OF NEW YORK
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11231
Tel.: (718) 330-1203
Email: kannan_sundaram@fd.org

*Attorneys for Defendant-Petitioner*

## INTRODUCTION

Vincenzo Randazzo moves to dismiss Count Two of the indictment, charging use of a firearm during a crime of violence, for failure to state an offense. See Fed. R. Crim. P. 12(b)(3)(B)(v). This count alleges a violations of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii), which criminalize using, carrying, and discharging a firearm during and in relation to a predicate "crime of violence." This Court should dismiss that count because the sole predicate alleged is a violation of 18 U.S.C. § 2113(a), bank robbery, which, under the applicable categorical approach, does not satisfy the statutory definition of "crime of violence" as a matter of law. See 18 U.S.C. § 924(c)(3)(A). That is true for two reasons:

- Section 2113(a) criminalizes bank robbery completed "by extortion" When done by extortion, bank robbery is not a crime of violence because extortion need not involve the use or threat of physical force.
- Section 2113(a) also criminalizes bank robbery committed by "intimidation." When done by intimidation, bank robbery is not a crime of violence because intimidation doesn't require a knowing or purposeful intent to cause fear of physical injury.

Accordingly, theCourt should dismiss Count Two.

## BACKGROUND

The Indictment charges Mr. Randazzo with bank robbery, in violation of 18 U.S.C. § 2113(a), and use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)A)(i) and (ii). Count One alleges that on March 5, 2026, he robbed the Empire State Bank in Brooklyn, New York. Count Two alleges that he used and carried a firearm during during an in relation to a crime of violence – specifically, the crime charged in Count One – and that he possessed and brandished a firearm in furtherance of that crime.

## ARGUMENT

**The Court Must Dismiss Count Two For Failure To State An Offense Because The § 2113(a) Violation Alleged As a Predicate Crime Of Violence Does Not Satisfy § 924(c)(3)(A)'s Elements Clause.**

### I. Applicable Law

18 U.S.C. § 924(c) criminalizes, in relevant part, the use of a firearm during a "crime of violence." The statute defines a crime of violence as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).[1] That predicate crime of violence is an "essential conduct element," without which a § 924(c) prosecution cannot lie. United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999).

To determine whether an offense meets § 924(c)(3)(A)'s definition, "courts apply the categorical approach." United States v. Medunjanin, 99 F.4th 129, 134 (2d Cir. 2024). "'Under this approach, we do not consider the particular facts before us; rather, we identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions—i.e., the elements of the offense.'" Id. (quoting United States v. Pastore, 83 F.4th 113, 118 (2d Cir. 2023)).

The categorical approach "does not require—in fact, it precludes—an inquiry into how any particular defendant may commit the crime. The only relevant question is whether the

---

[1] Section 924(c)(3)(B)'s residual clause defines a "crime of violence" as a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." But the residual clause is void for vagueness. United States v. Davis, 588 U.S. 445, 470 (2019). So "[p]ost-Davis, a § 924(c) conviction may only be premised on a crime of violence as defined under § 924(c)(3)(A)'s elements clause." United States v. Medunjanin, 99 F.4th 129, 133 (2d Cir. 2024).

federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." United States v. Taylor, 596 U.S. 845, 850 (2022). "In other words, it is not enough that the evidence in the case shows that the defendant committed the charged predicate crime in a way that involved the use of force .... Instead, the predicate crime must be one whose elements are defined in such a way that the crime must, 'in every instance, by its very definition, involve the use of force" against the person or property of another. United States v. Capers, 20 F.4th 105, 117 (2d Cir. 2021) (quoting United States v. Martinez, 991 F.3d 347, 353 (2d Cir. 2021)). If the statute defining the predicate offense "'criminalizes any conduct that would not fall within the scope of ... the [elements] clause'" then that statute "'is not categorically a crime of violence and cannot serve as a predicate offense' for purposes of § 924(c)." United States v. Davis, 74 F.4th 50, 53 (2d Cir. 2023) (quoting United States v. Jones, 878 F.3d 10, 16 (2d Cir. 2017)). "[A] statute that 'sweeps more broadly than' the [elements] clause is not a categorical match and cannot count as a § 924(c) predicate." Id. (quoting Descamps v. United States, 570 U.S. 254, 261 (2013)).

The first step in identifying the minimum criminal conduct covered by a statute is determining whether a statute is "divisible"—in other words, whether it "list[s] elements in the alternative, and thereby define[s] multiple crimes." Mathis v. United States, 571 U.S. 500, 505 (2016). That analysis "begin[s] with the statute's text." United States v. Ross, - - F.4th - -, 2026 WL 1500955, at *2 (2d Cir. May 29, 2026). A statute listing "multiple elements disjunctively" is more likely to be divisible, while a statute that "enumerates various factual means of committing a single element" is likely indivisible. Mathis, 579 U.S. at 506; accord Harbin v. Session, 860 F.3d 58, 64 (2d Cir. 2017) (noting that indivisible statutes "spell out various factual ways, or means, of committing some component of the offense") (cleaned up).

If a statute is divisible, courts consult "a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505–06.

## II. Section 2113(a)'s First Paragraph is Divisible from its Second, But Not Within Itself.

At the last status conference, the government advised the Court that the Second Circuit, in United States v. Moore, 916 F.3d 231 (2d Cir. 2019), held that the charged bank robbery statute, 18 U.S.C. § 2113(a) is divisible. It may have so held, but not in a way that helps the government here. Instead, Moore, if anything, refutes the notion that the first paragraph of the statute creates separate offenses for robberies committed "by force and violence, or by intimidation" and those committed "by extortion." Moore thus supports the argument we make here.

### A. Moore recognized that each paragraph of Section 2113(a) creates one offense.

The divisibility of 18 U.S.C. § 2113(a) was presented in Moore, which addressed whether the 2016 version of the statute fit the generic definition of robbery (and thus didn't analyze whether it required the use of force). The parties in that case agreed that the statute was divisible, and the Circuit agreed as well. It approvingly cited the Third Circuit's reasoning that the statute was divisible "because it contains two separate paragraphs, each containing a separate version of the crime of bank robbery." Moore, 916 F.3d at 238 (citing United States v. Wilson, 880 F.3d 80, 74 n.3 (3d Cir. 2018))). Finding that reasoning persuasive, the Second Circuit adopted the same interpretation: Section 2113(a) "delineates two methods of committing the crime of bank robbery:" one in each of its two paragraphs. *Id.*

The first paragraph creates one indivisible offense, which can be committed either "by force and violence, or by intimidation, takes" or "obtains or attempts to obtain by extortion" anything of value from a bank. 18 U.S.C. § 2113(a). See United States v. Butler, 949 F.3d 230,

234 (5th Cir. 2020) (reasoning that the disjunctive "or" between § 2113(a)'s paragraphs is different than the use of "or" within the paragraph, and "[t]he paragraphs use 'or' internally to set out alternative means."). The second paragraph creates a separate offense of "enter[ing] or attempt[ing] to enter any bank, credit union, or any savings and loan association . . . with intent to commit . . . any felony . . . ." *Id.*[2] The statute is divisible only to the extent that a court must determine which paragraph a defendant is charged and convicted under, but no further. Accord, United States v. Burwell, 122 F.4th 984, 990 (D.C. Cir. 2024); Butler, 949 F.3d at 234 (both holding § 2113(a) is divisible between its two paragraphs).

That's precisely what Randazzo argues here. Under Moore, only two offenses are contained in 18 U.S.C. § 2113(a). That means that all of the elements contained in the first paragraph are not separate offenses, and are instead simply different means of commission. See Burwell, 122 F.4th at 990 ("Rather than create a separate paragraph, as it did with the second paragraph for bank burglary in § 2113(a), or a separate subsection, as it did for bank larceny in § 2113(b) and receipt of stolen bank property in § 2113(c), Congress chose to group extortion together with force and violence and intimidation in the same paragraph of the bank robbery statute. 18 U.S.C. § 2113(a)-(c)."). So, in determining whether the charged violation of 18 U.S.C. § 2113(a) constitutes a crime of violence, this Court's inquiry is whether the entire

---

[2] 18 U.S.C. § 2113(a) states: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny-- Shall be fined under this title or imprisoned not more than twenty years, or both."

offense contained in the first paragraph involves the use of force—whether committed "by force and violence, or by intimidation" or "by extortion."

**B. Because United States v. Evans addressed an older version of the statute, the single sentence in which it discusses divisibility of extortion is dictum.**

In United States v. Evans, 924 F.3d 21 (2d Cir. 2019), the Circuit held that a defendant's conviction under the 1983 version of Section 2113(a) constituted a predicate violent felony for purposes of the Armed Career Criminal Act (ACCA). But that case doesn't control Mr. Randazzo's for a simple reason: It considered an earlier version of Section 2113(a) that could not be committed by extortion alone. 924 F.3d at 28 (observing that "Congress amended the statute *after* his conviction to include bank extortion" such that "we need not decide whether bank extortion qualifies as a crime of violence" (emphasis in original)). In a single sentence, however, the panel in Evans observed that a later version of the statute—which added extortion to Section 2113(a)—"contains at least two separate offenses, bank robbery and bank extortion." Id. (citing United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018)). That statement was dictum, and thus does not bind this Court.

To distinguish holding from dicta, one question controls: "whether resolution of the question is necessary for the decision of the case." Baraket v. Holder, 632 F.2d 56, 59 (2d Cir. 2011); accord Hon. Pierre N. Leval, Judging Under the Constitution: Dicta About Dicta, 81 N.Y.U. L. Rev. 1249, 1257 (2006) ("To identify dictum, it is useful to turn the questioned proposition around to assert its opposite, or to assert whatever alternative proposition the court rejected in its favor. If the insertion of the rejected proposition into the court's reasoning, in place of the one adopted, would not require a change in either the court's judgment or the reasoning that supports it, then the proposition is dictum. It is superfluous. It had no functional role in

compelling the judgment."). And "dicta are not and cannot be binding. Holdings—what is necessary to a decision—are binding. Dicta—no matter how strong or how characterized—are not." Jimenez v. Walker, 458 F.3d 130, 142 (2d Cir. 2006) (cleaned up). Courts "are not necessarily bound by dicta should more complete argument demonstrate that the dicta is not correct." Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519, 548 (2013). That is particularly true when "the point now at issue was not fully debated" in the prior case. Central Virginia Community College v. Katz, 546 U.S. 356, 363 (2006).

Evans's single sentence concerning the divisibility of the current version of Section 2113(a) was dictum because the current version of the statute was not at issue. The Constitution's ex post facto clause bars "retroactive operation" of laws that "increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000). So, in determining whether an offense counts as a "crime of violence" for purposes of ACCA, a court looks at the elements of the offense "when committed by" a defendant. United States v. Ojeda, 951 F.3d 66, 68 (2d Cir. 2020). In Evans, that meant that the Court's analysis was limited to whether the version of Section 2113(a) that existed in 1983 was a crime of violence. That version of the statute only imposed liability for a taking property "by force and violence, or by intimidation[.]" 18 U.S.C. § 2113(a) (1982). It did not define an offense that could be committed by extortion. So Evans had no need to consider whether the current statute's references to extortion created a separate offense or simply a separate means of commission. 924 F.3d at 28. The government recognized as much in its briefing, which discussed only the 1982 version of the statute, and consequently didn't discuss either the current statute's divisibility or the law regarding extortion. See generally Br. of the United States of America, Dkt. No. 50, United States v. Evans, No. 17-2245-cr (2d Cir. Feb. 20, 2018).

### III. Bank Robbery Under § 2113(a) Is Not a Crime of Violence

#### A. Bank Robbery by Extortion is Not a Crime of Violence

Bank robbery under § 2113(a) doesn't categorically qualify as a crime of violence. First, as the District of Columbia Circuit recently recognized – and the government in that case conceded – "when completed by extortion, bank robbery does not necessarily involve the use or threatened use of force. This is because extortion can be accomplished using a threat of something other than violence, such as a threat of economic loss or a threat to reveal compromising information." United States v. Burwell, 122 F.4th 984, 989 (D.C. Cir. 2024). Notably, the Second Circuit, though it has not addressed whether bank extortion qualifies as a crime of violence [Evans, 924 F.3d at 28], has recognized, as well, that extortion doesn't require violence. "Neither actual bodily harm nor threatened bodily injury is a necessary element for extortion. Rather, the crime of extortion involves a wide range of conduct, including extortion through the use of economic threats or injury. *See McLaughlin v. Anderson,* 962 F.2d 187, 194 (2d Cir.1992) (affirming extortion sentence resulting from threat to destroy valuable business records); *United States v. Garcia,* 907 F.2d 380, 381 (2d Cir.1990) (affirming extortion sentence resulting from threat of economic harm)." Riza v. United States, 933 F. Supp. 331, 336 (S.D.N.Y. 1996).

While the District of Columbia's holding in Burwell isn't binding on this Court, its reasoning is bulletproof in that a threat of economic loss or blackmail is completely within the purview of extortion and manifestly outside the purview of violent physical force as required to qualify as a crime of violence. So much so that, tellingly, the Department of Justice conceded the point, and contended only that the statute was divisible. Cf. United States v. States, 72 F.4th 778, 782 (7th Cir. 2023) ("States's predicate crimes of violence were Hobbs Act extortion, 18 U.S.C. § 1951, and attempted murder of a federal officer, 18 U.S.C. §§ 1113–1114. The government did not

contest States's motion with respect to the § 924(c) conviction predicated on extortion, and the district court vacated that conviction.").

Because bank robbery by extortion under Section 2113(a) does not necessarily involve the use or threatened use of force, it not a crime of violence and as such does not provide the necessary predicate to support the § 924(c) charge.

**B. Bank Robbery by Intimidation is Not a Crime of Violence**

Second, bank robbery by intimidation doesn't qualify either. In Borden v. United States, 141 S.Ct. 1817 (2021), the Supreme Court held that the phrase "violent felony" as defined in 18 U.S.C. § 924(e)(2)(B)(i) includes only offenses with a mens rea requirement of purpose or knowledge as to the violent actus reus. 141 S. Ct. at 1828; id. at 1935 (Thomas, J., concurring). As the two provisions are identical as pertinent here, Borden's holding clearly applies to § 924(c)(3)(A)'s definition of "crime of violence." Compare 18 U.S.C. § 924(c)(3)(A) ("crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), with § 924(e)(2)(B)(i) ("violent felony" is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). Thus, a defendant's use of force must be knowing and intentional. Offenses with a mens rea of recklessness, negligence, or strict liability with respect to the use of violent physical force against the person of another do not count. See Singh v. Garland, 58 F.4th 34, 36 (2d Cir. 2022) ("The 'use of physical force' refers to intentional, rather than accidental, force.").[3]

Bank robbery by intimidation, however, doesn't require an intentional threat. Instead, as one district court has observed, courts that have considered the question have held "that §

[3] Singh addressed the elements clause of the federal criminal code's general "crime of violence" definition, 18 U.S.C. § 16(a), which "is in all relevant aspects identical to the § 924(c) elements clause," United States v. Morris, 61 F.4th 311, 320 (2d Cir. 2023).

2113(a)'s implied knowing mens rea applies only to the "taking of property of another" element of the crime. United States v. Yockel, 320 F.3d 818, 820–21 (8th Cir. 2003); see United States v. Ellison, 866 F.3d 32, 39 (1st Cir. 2017) (declining to follow Yockel but noting that the Eighth Circuit is one of "two circuits, post-Carter, [that] have continued to state that the government need not show that the defendant knew that his actions would be intimidating in order to secure a conviction under § 2113(a)")." Paul v. Superintendent, 2022 WL 3043526, *8 (S.D. Ind. 2022).

Thus, as that court noted, in Yockel the Eighth Circuit concluded that the government did not have to "prove he knowingly intimidated the teller in order to have been convicted" and instead the "the mens rea for the actus reus of bank robbery is satisfied by proof that Yockel knew he was physically taking money." Id.; see id. at 824 ("The district court correctly concluded the mens rea element of bank robbery did not apply to the element of intimidation.")." Paul, 2022 WL 3043526, *8.

Similarly, the Second Circuit in United States v. Evans, which was decided two years before the Supreme Court's decision in Borden, embraced the Ninth Circuit's view that "'intimidation as used in the federal bank robbery statute requires that a person take property in such a way that would put an ordinary reasonable person in fear of bodily harm[.]'" 924 F.3d at 21 (quoting United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017. Evans' holding that bank robbery by intimidation qualified as a crime of violence, predicated on a mens rea requirement that falls short of purposefully or knowingly putting the victim in fear of physical harm, is no longer good law in light of Borden.

Post-Borden, courts have been more exacting, and have recognized that placing someone in "reasonable fear of injury" (i.e., intimidation) does not suffice. See, e.g., United States v. Mangione, 818 F.Supp.3d 509, 528, 530 (SDNY 2026) ("Although the reasonable fear element

[of the federal stalking statute] requires conduct that has the result of placing a victim in fear of serious bodily injury or death, it does not require an intent to cause that result, or even knowledge that such a result will occur. See 18 U.S.C. § 2261A(1)(A), (2)(A) …. the reasonable fear lement [] does not depend on the subjective intent or knowledge of the defendant."); United States v. Barlow, 83 F.4th 773 (9th Cir. 2023) (concurrence in part) ("All that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension." (cleaned up). ). Reasonable-apprehension aggravated assault "is a general intent crime, meaning that the State need not prove that the accused intended to place another in reasonable apprehension of receiving immediate bodily injury." "Because reasonable-apprehension aggravated assault does not require proof of the defendant's knowing or purposeful use, attempted use, or threatened use of force, Borden establishes that such reasonable-apprehension aggravated assault is not a crime of violence."); United States v. Gomez, 165 F.4th 1199, 1209 (9th Cir. 2026) (California assault with a deadly weapon statute fails to qualify as a "crime of violence" under § 4B1.2(a)(1) because it only requires a "general intent" to willfully commit an act that happens to put a person objectively in reasonable fear of injury rather than a specific "intent to cause injury") (citations omitted); United States v. Sjodin, 139 F.4th 1188, 1203-04 (10th Cir. 2025) (holding the same with respect to California assault).

Inasmuch as bank robbery by intimidation does not require a specific knowledge, purpose or intent that to put the victim in fear of physical injury, it does not categorically qualify as a crime of violence under § 924(c)(3)(A).

* * *

Whether an offense satisfies § 924(c)(3)(A)'s definition is a question of law. United States v. Davis, 74 F.4th 50, 52 (2d Cir. 2023). Where a § 924(c) count alleges as a predicate "crime of violence" an offense that doesn't meet the statutory definition, that count should be dismissed for failure to state an offenser. E.g., United States v. Bowers, 2022 WL 17718686 (W.D.Pa. 2022) at *5–9 (dismissing §§ 924(c) and 924(j) counts to the extent predicated on § 249(a)(1)); United States v. Forbes, 2022 WL 4545256, at *5 (W.D.N.Y. Sept. 29, 2022) (dismissing § 924(c) counts predicated on attempted Hobbs Act robbery in light of United States v. Taylor, 596 U.S. 845 (2022)); United States v. Culbert, 453 F. Supp. 3d 595, 596–97, 601 (E.D.N.Y. 2020) (dismissing § 924(c) count predicated on attempted Hobbs Act robbery); United States v. Tucker, 2020 WL 93951, at *1 (E.D.N.Y. Jan. 8, 2020) (dismissing § 924(c) count predicated on attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery).

## CONCLUSION

For the reasons stated above, the Court should dismiss Count Two for failure to state an offense.

Respectfully submitted,
FEDERAL DEFENDERS OF NEW YORK

*s/ Kannan Sundaram*
KANNAN SUNDARAM
Assistant Federal Defender
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel.: (718) 330-1203
Email: kannan_sundaram@fd.org