EWS:MDM
F. #2026R00171

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

Docket No. 26-CR-74 (CBA)

VINCENZO RANDAZZO,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GOVERNMENT'S OPPOSITION TO
THE DEFENDANT'S MOTION TO DISMISS

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Michael D. Manzo
Assistant U.S. Attorney
(Of Counsel)

## PRELIMINARY STATEMENT

The defendant's motion must be denied for a simple reason: binding Second Circuit precedent forecloses it. The defendant moves to dismiss Count Two of the indictment, which charges him with brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c), on the ground that the predicate crime—bank robbery "by force, violence and intimidation" under § 2113(a)—is purportedly not a crime of violence. See Indictment at ¶¶ 1-2. The Second Circuit, however, has held that this offense is a crime of violence under § 924(c)(3)(A). See United States v. Hendricks, 921 F.3d 320, 327-28 (2d Cir. 2019), cert. denied, 140 S. Ct. 870 (2020); see also Collier v. United States, 989 F.3d 212, 220 (2d Cir. 2021).

The defendant's motion never mentions Hendricks. Instead of attempting to address that controlling precedent, the defendant relies on an out-of-circuit decision concerning bank extortion (a statutory alternative not charged here), and on cases involving different statutes. None of those authorities permits the Court to disregard Hendricks. The defendant's reliance on Borden v. United States, 593 U.S. 420 (2021), fares no better. The defendant invokes Borden to argue that bank robbery by intimidation is not a crime of violence because, in his view, intimidation does not require knowing or purposeful conduct directed at the threatened use of force. But Hendricks forecloses that premise. Hendricks held that § 2113(a) robbery by intimidation requires proof that the defendant "at least *know* that his actions would create the impression in an ordinary person that resistance would be met by force." 921 F.3d at 328 (quoting United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016) (emphasis in original)). Borden excludes crimes that can be committed recklessly; it does not unsettle a binding Second Circuit decision holding that the charged predicate requires knowledge.

At bottom, and contrary to the defendant's scattershot arguments, this case is not about bank extortion, attempted Hobbs Act robbery, federal stalking, or state assault statutes. This case concerns a § 924(c) count predicated on bank robbery "by force, violence, and intimidation" under § 2113(a), which the Second Circuit has held to be a crime of violence. Therefore, the defendant's motion must be denied.

## BACKGROUND

Defendant Vincenzo Randazzo committed a gunpoint robbery of a branch of Empire State Bank on or about March 5, 2026. Accordingly, the indictment charges him with two counts: Count One charges bank robbery, in violation of 18 U.S.C. § 2113(a), alleging that, on or about March 5, 2026, the defendant "did knowingly and intentionally take by force, violence and intimidation" money belonging to and in the care, custody, control, management, and possession of a branch of Empire State Bank. Indictment at ¶ 1. Count Two charges the defendant with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). Indictment at ¶ 2. The indictment identifies the predicate crime of violence as "the crime charged in Count One" (i.e., bank robbery). Id.

## APPLICABLE LAW

Under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, a defendant may move to dismiss an indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "Since federal crimes are solely creatures of statute, a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." United States v. Aleynikov, 676 F.3d 71, 75-76 (2d Cir. 2012) (internal quotation marks and citations omitted). Courts must accept as true the allegations in an indictment for purposes of evaluating a motion to dismiss. See United States v. Goldberg, 756 F.2d 949, 950 (2d Cir.

1985). The indictment need only allege the "core of criminality" the Government intends to prove at trial, since the indictment is "read . . . to include facts which are necessarily implied by the specific allegations made." United States v. Rigas, 490 F.3d 208, 228-29 (2d Cir. 2007) (internal quotation marks omitted). Accordingly, dismissal of an indictment is a "drastic remedy that should be utilized with caution and only in extreme cases." United States v. Walters, 910 F.3d 11, 26 (2d Cir. 2018) (internal citation omitted).

## ARGUMENT

### I. Binding Second Circuit Precedent Instructs That Bank Robbery "By Force, Violence, or Intimidation" is a Crime of Violence

Section 924(c)(3)(A) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In United States v. Davis, the Supreme Court invalidated the residual clause (§ 924(c)(3)(B)) as unconstitutionally vague, but left the elements clause (§ 924(c)(3)(A)) intact. 588 U.S. 445, 470 (2019). The operative definition of "crime of violence" is therefore the elements clause in § 924(c)(3)(A). See United States v. Medunjanin, 99 F.4th 129, 133 (2d Cir. 2024) ("Post-Davis, a § 924(c) conviction may only be premised on a crime of violence as defined under § 924(c)(3)(A)'s elements clause.").

In United States v. Hendricks, the Second Circuit considered whether bank robbery under § 2113(a), committed "by force and violence, or by intimidation," is a crime of violence under § 924(c)(3)(A). 921 F.3d at 327. Specifically, the Second Circuit framed the issue as "whether credit union robbery 'by force and violence, or by intimidation' categorically constitutes a 'crime of violence,'" and answered: "Perhaps unsurprisingly, we conclude that it does." Id.

Hendricks is directly on point. As here, the predicate statute was § 2113(a). Id. at 324. As here, the charged theory was bank robbery "by force and violence, or by intimidation." Id. at 327. As here, the relevant § 924(c) provision is § 924(c)(3)(A). And as here, the defendant argued that § 2113(a) robbery did not qualify as a crime of violence. The Second Circuit rejected that argument, holding that "bank robbery committed 'by intimidation' categorically constitutes a crime of violence for the purposes of § 924(c)(1)(A)." Id. at 328.

Two years later, the Second Circuit reaffirmed Hendricks in Collier. 989 F.3d at 217. In Collier, the Second Circuit held that attempted federal bank robbery under § 2113(a), which requires an attempt "by force and violence, or by intimidation," is also a crime of violence under § 924(c)(3)(A). Id. at 220-21. Collier is particularly important because it came after Davis and made clear that Hendricks rested on the elements clause, not the residual clause. The Second Circuit explained: "In Hendricks, we relied on the 'force clause'—not the now-unavailable 'residual clause,' § 924(c)(3)(B)—to conclude that a crime committed by intimidation is a 'crime of violence.'" Id. at 220. Thus, "[o]ur decision in Hendricks is therefore unaffected by the Supreme Court's subsequent ruling in Davis." Id.

Hendricks and Collier, therefore, resolve the defendant's motion. Count One charges the defendant with taking bank money "by force, violence and intimidation." Indictment at ¶ 1. Count Two is predicated on Count One. Indictment at ¶ 2. Hendricks holds that the charged predicate crime is a crime of violence under § 924(c)(3)(A). The defendant neither cites nor addresses Hendricks. And even if he did, that Second Circuit precedent controls and forecloses the defendant's motion.

## II. The Defendant's Extortion and Divisibility Arguments Are Irrelevant Because Bank Extortion Is Not Charged

Unable to address Hendricks, the defendant focuses on bank extortion. He argues that § 2113(a) is not categorically a crime of violence because the statute also covers obtaining bank property "by extortion." Mot. at 8. That argument, however, targets an offense not charged in this case.

The indictment does not allege that the defendant obtained or attempted to obtain bank property "by extortion." The indictment charges that the defendant "did knowingly and intentionally take by force, violence and intimidation" bank money from a branch of Empire State Bank. Indictment at ¶ 1. Count Two then predicates § 924(c) liability on "the crime charged in Count One." Indictment at ¶ 2. The Court therefore need not decide whether bank extortion, standing alone, is a crime of violence. The only charged predicate is bank robbery by force, violence, and intimidation: the offense Hendricks held satisfies § 924(c)(3)(A).

The defendant's reliance on United States v. Burwell does not warrant a different result. 122 F.4th 984 (D.C. Cir. 2024). Burwell is not binding in this Circuit and, critically, Burwell did not hold that bank robbery by force, violence, or intimidation is nonviolent. To the contrary, the D.C. Circuit acknowledged that its own precedent "holds that when done by force and violence, or by intimidation, bank robbery satisfies § 924(c)'s requirements." Id. at 986. The D.C. Circuit repeated the point later in the opinion: "Our precedent concludes that when bank robbery is completed 'by force and violence, or by intimidation,' it is a crime of violence." Id. at 989 (internal citation omitted).

Burwell turned on a different question: whether § 2113(a)'s first paragraph is divisible as between robbery by force or intimidation and robbery by extortion. Id. at 989-97. The D.C. Circuit answered that question no, holding that "§ 2113(a) is indivisible as to

extortion." Id. at 986. That out-of-circuit divisibility holding does not override Hendricks or Collier. Nor does it give this Court license to dismiss Count Two. In fact, Second Circuit law points the other way. In United States v. Evans, the Second Circuit recognized that § 2113(a) "contains at least two separate offenses, bank robbery and bank extortion." 924 F.3d 21, 28 (2d Cir. 2019) (quoting United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018)), cert. denied, 140 S. Ct. 505 (2019). Thus, Burwell is not only nonbinding, it is foreclosed by Second Circuit precedent.

Recognizing the challenge Evans poses to his argument, the defendant devotes several pages to arguing that the applicable statement in Evans is dictum because Evans involved the pre-1986 version of § 2113(a). Mot. at 6-8. But even if the Court accepted that premise, i.e., that it could not rely wholly on Evans, it would not help the defendant. Collier, a later Second Circuit case dealing with the current iteration of § 2113(a), affirmatively cited Evans. Collier, 989 F.3d at 219 n.9. Collier explains that the Second Circuit "need not address the separate crime of 'bank extortion' defined in the first paragraph of § 2113(a)" when the conviction involved robbery by force, violence, or intimidation. Id. Finally, as independently sufficient grounds to deny the defendant's motion, Hendricks holds that bank robbery by force or intimidation is a crime of violence. 921 F.3d at 328.

The defendant's discussion of United States v. Moore, 916 F.3d 231 (2d Cir. 2019), similarly does not help him. The defendant asserts that "at the last status conference, the government advised the Court that the Second Circuit, in [Moore], held that the charged bank robbery statute, 18 U.S.C. § 2113(a), is divisible." Mot. at 4. To be clear, the government neither cited Moore nor made any arguments as to the divisibility of § 2113(a) at the last status

conference. Rather, the government cited Hendricks in support of its position that the Second Circuit has held that bank robbery under § 2113(a) is a crime of violence under § 924(c).

To the extent Moore matters, it supports the government's position. Moore recognized that, when a statute is divisible, courts may apply the modified categorical approach and consult "a limited class of documents," such as "the indictment" to determine the offense charged. 916 F.3d at 238 (quoting Mathis v. United States, 579 U.S. 500, 505 (2016) (internal quotation marks omitted)). Here, the indictment resolves any uncertainty: Count One charges a bank robbery "by force, violence, and intimidation," not by extortion. Indictment at ¶ 1. The offense charged here is the same offense Hendricks held to be a crime of violence.

## III. The Defendant's Remaining Authorities Are Inapposite

The defendant next argues that bank robbery by intimidation is not a crime of violence because "intimidation doesn't require a knowing or purposeful intent to cause fear of physical injury." Mot. at 1, 9-11. He relies primarily on Borden, which held that offenses committed with a mens rea of recklessness do not qualify as violent felonies under the Armed Career Criminal Act's elements clause. 593 U.S. 420 at 441-442 (2021). But Borden does not help the defendant because § 2113(a) robbery by intimidation is not a recklessness offense in this Circuit. Hendricks held the opposite.

In Hendricks, the defendant argued that § 2113(a) was not a crime of violence because a person could violate the statute by "negligently intimidating a victim." 921 F.3d at 328. The Second Circuit rejected that argument as "unavailing." Id. Relying on Carter v. United States, 530 U.S. 255, 268 (2000), the Second Circuit explained that § 2113(a) requires proof of "knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation)." Hendricks, 921 F.3d at 328. And with respect

to intimidation specifically, the court held that a defendant "must at least *know* that his actions would create the impression in an ordinary person that resistance would be met by force." Id. (emphasis in original). "In short," the court concluded, "*knowledge*, not merely negligence, is required." Id.

That holding forecloses the defendant's Borden argument. Borden excludes crimes that can be committed recklessly, and Hendricks holds that § 2113(a) robbery by intimidation requires knowledge. There is no conflict between the two cases.

Nor do the other authorities cited by the defendant change the result. The defendant cites out-of-circuit and district-court decisions involving different statutes, including cases concerning reasonable-apprehension assault statutes and federal stalking. See Mot. at 10-11. Those cases do not interpret § 2113(a), do not involve federal bank robbery, and do not override or undercut Hendricks. The categorical approach is statute-specific. Moore 916 F.3d at 238 ("[T]he categorical approach is confined to the legal elements of the statute[.]"). Cases analyzing assault or stalking statutes do not answer the question whether § 2113(a) robbery by force, violence, or intimidation is a crime of violence under § 924(c)(3)(A). Hendricks answers that question.

The defendant's reliance on United States v. Yockel, 320 F.3d 818 (8th Cir. 2003), is likewise misplaced. The defendant cites Yockel for the proposition that § 2113(a) robbery by intimidation does not require proof that the defendant knew his conduct would be intimidating. See Mot. at 10. Yockel, however, is an out-of-circuit decision that predates Hendricks and cannot displace controlling Second Circuit law. Hendricks rejected the same mens rea argument the defendant advances here, holding that a defendant commits § 2113(a) robbery by intimidation only if he "at least know[s] that his actions would create the impression

in an ordinary person that resistance would be met by force." 921 F.3d 328 (emphasis removed). In any event, Yockel did not hold that bank robbery by intimidation falls outside the elements clause; it affirmed a § 2113(a) conviction and found sufficient evidence of intimidation even though the defendant "did not display or make any reference to a weapon." Yockel, 320 F.3d at 825. The defendant also cites United States v. Ellison, 866 F.3d 32 (1st Cir. 2017), but Ellison rejected the argument the defendant makes here and held that federal bank robbery by intimidation is a crime of violence. Id. at 39-40 (rejecting defendant's "mens rea-based argument [that] his conviction under § 2113(a) does not qualify as . . . a 'crime of violence[.]'").

Finally, the defendant cites cases dismissing § 924(c) counts where the predicate offense was not a crime of violence. See Mot. at 12. Those cases stand for an unremarkable proposition: if a § 924(c) count rests on a predicate that is not a crime of violence, the count cannot proceed. For example, cases involving attempted Hobbs Act robbery, including United States v. Taylor, 596 U.S. 845 (2022), are inapposite because they address a different statute and a different offense. This case, on the other hand, involves a completed § 2113(a) bank robbery by force, violence, and intimidation—the offense Hendricks held to be a crime of violence under § 924(c)(3)(A).

## CONCLUSION

Count One charges the defendant with bank robbery by force, violence, and intimidation under § 2113(a), and Count Two charges him with brandishing a firearm during that crime. Because binding Second Circuit precedent holds that § 2113(a) bank robbery by force,

violence, or intimidation is a crime of violence under § 924(c)(3)(A), the defendant's motion to dismiss Count Two of the indictment must be denied.

Dated: Brooklyn, New York
June 24, 2026

Respectfully submitted,

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY

By: /s/ Michael D. Manzo
Michael D. Manzo
Assistant U.S. Attorney
(718) 254-7150