Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

June 25, 2026

**By ECF**

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Vincenzo Randazzo*, 26-cr-74 (CBA)

Dear Judge Amon:

We submit this reply letter in further support of Vincenzo Randazzo's motion to dismiss Count Two of the indictment to address the government's arguments about the divisibility of 18 U.S.C. § 2113(a). Nowhere in its response does the government dispute that the Second Circuit's discussion of the statute's divisibility in *United States v. Evans*, 924 F.3d 21 (2d Cir. 2019), was dicta. Nor does the government engage with the Circuit's unambiguous holding in *United States v. Moore*: 18 U.S.C. § 2113(a) "delineates *two* methods of committing the crime of bank robbery . . . because it contains two separate paragraphs, each containing a separate version of the crime of bank robbery . . . ." 916 F.3d 231, 238 (2d Cir. 2019) (citing *United States v. Wilson*, 880 F.3d 80, 84 n.3 (3d Cir. 2018)) (emphasis added); *see also id.* (noting that where a statute "criminalizes two *alternative offenses*" a court would apply the modified categorical approach "to determine which of those two *alternative offenses* was the offense of conviction" (citing *Mathis v. United States*, 579 U.S 500, 505–06 (2016)) (emphasis added)).

The government urges this Court to rely instead on *Collier v. United States*, 989 F.3d 212 (2d Cir. 2021). ECF No. 23 at 6. But the government is wrong about *Collier* for the same reason it was wrong about *Evans*: that case, too, only discussed the statute's divisibility in a single line of footnoted dictum. *Collier*, 989 F.3d at 219 n.9 (citing *Evans*, 924 F.3d at 28). Later-pronounced dictum provides no basis to ignore the Second Circuit's clear holding in *Moore*: the first paragraph of 18 U.S.C. § 2113(a) creates one offense, and as such is indivisible. *United States v. Ross*, 177 F.4th 216, 219 (2d Cir. 2026) (citing *Mathis v. United States*, 579 U.S. 500, 506 (2016) (statute that creates a single crime is indivisible). And because that offense can be committed by extortion, it is not a crime of violence, which the government also doesn't seem to dispute. *See* ECF No. 22 at 8–9.

It is well-settled that "only holdings—what is necessary to a decision—are binding." *United States v. Sealed Defendant One*, 49 F.4th 690, 699 n.4 (2d Cir. 2022) (citing *Jimenez v. Walker*, 458 F.3d 130, 142 (2d Cir. 2006) (cleaned up). Dicta, by contrast, "are not and cannot be binding." *Id.* As set forth in Randazzo's motion, dicta in earlier cases are especially unpersuasive when the relevant question was not fully briefed or presented therein. ECF No. 22 at 6–7.

The single sentence in *Collier*'s footnote is squarely dictum. There, too, the parties' sole dispute was about whether a robbery committed by "intimidation" necessarily involved the use of force. *See* Br. of Petitioner at 67–71, Document No. 22, *Collier v. United States*, No. 17-2402 (2d Cir. Oct. 19, 2017) (arguing that intimidation does not require knowing use of force); Br. of United States at 34–39, Document No. 33, *Collier v. United States*, No. 17-2402 (2d Cir. Jan. 17, 2018) (arguing that it does).[1] So the Second Circuit recognized it "need not address" anything about extortion. *Collier*, 989 F.3d at 219 n.9.

The government misunderstands what separates holdings from dicta in arguing that *Collier*'s passing footnote binds this Court simply because it considered the current version of the statute. ECF No. 23 at 6. That's incorrect; as set forth in Randazzo's motion, only a determination necessary to the resolution of a case constitutes a holding. ECF No. 22 at 6–7. Determinations made without real discussion and without real argument from the parties cannot be holdings. *See United States v. Ortiz*, 621 F.3d 82, 86 n.3 (2010) (refusing to follow decision in earlier case because it "contained no discussion of" the disputed issue, "and a *sub silentio* holding is not binding precedent" (internal quotation marks omitted)); *Central Virginia Community College v. Katz*, 546 U.S. 356, 363 (2006) (observing courts "are not bound to follow our dicta in a prior case in which the point now at issue was not fully debated").

Reading *Collier*'s footnote any other way would run afoul of the prior panel rule. The government does not dispute that *Moore* held, in 2019, that 18 U.S.C. 2113(a) is divisible into two separate offenses defined by its two separate paragraphs. District courts have recognized as much. *See, e.g.*, *United States v. Pedro*, 2024 WL 3518359, at *3 (S.D.N.Y. July 24, 2024) (recognizing *Moore*'s holding that Section 2113(a) creates two offenses); *United States v. Altino*, 2020 WL 5893816, at *2 (Oct. 5, 2020) (listing entire first paragraph as the offense defendant pled guilty to).[2] That holding bound all future panels, including the *Collier* panel.

---

[1] In fact, the government itself recognized in *Collier* that "[b]ank robbery, as defined in 18 U.S.C. § 2113(a), is divisible into an offense involving 'force violence, or intimidation, or extortion.'" Br. of United States at 35, Document No. 33, *Collier v. United States*, No. 17-2402 (2d Cir. Jan. 17, 2018).

[2] Other circuits agree. *See, e.g.*, *United States v. Butler*, 949 F.3d 230, 234–35 (5th Cir. 2020) (holding Section 2113(a) divisible between its two paragraphs, and no

"It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court." *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016), *abrogated on other grounds by Badgerow v. Walters*, 596 U.S. 1 (2022). So the *Collier* panel was not free to disregard *Moore*'s holding about the statute's divisibility.

For the foregoing reasons, as well as those set forth in Randazzo's motion papers, this Court should dismiss Count Two of the indictment.

Sincerely,

/s_Kannan Sundaram

Kannan Sundaram
Ashok Chandran
Counsel for Vincenzo Randazzo
Assistant Federal Defenders
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

---

further); *United States v. Burwell*, 122 F.4th 984, 990 (D.C. Cir. 2024) (same); *United States v. Almeida*, 710 F.3d 437, 440 (1st Cir. 2013) ("As its text makes clear, subsection 2113(a) can be violated in two distinct ways: (1) bank robbery, which involves taking or attempting to take from a bank by force, intimidation, or extortion; and (2) bank burglary, which simply involves entry or attempted entry into a bank with the intent to commit a crime therein."); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) ("Section 2113(a) seems to contain a divisible set of elements, only some of which constitute violent felonies – taking property from a bank *by force and violence, or intimidation, or extortion on one hand* and entering a bank intending to commit any felony affecting it (e.g., such as mortgage fraud) on the other." (emphasis added)).