**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

UNITED STATES OF AMERICA

-against-

VINCENZO RANDAZZO,

Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

26-CR-74 (CBA)

**AMON, United States District Judge:**

On June 26, 2026, I denied Defendant's motion to dismiss the second count of his indictment, (ECF Docket Entry ("D.E.") # 22 ("Mot.")), on the record. (See D.E. # 26.) This written memorandum and order memorializes my reasoning for that decision.

## BACKGROUND

Defendant's April 1, 2026, indictment charges him with two counts: bank robbery, which is "knowingly and intentionally tak[ing] by force, violence and intimidation . . . money belonging to and in the care, custody, control, management and possession of" a bank, and use of a firearm during a crime of violence. (D.E. # 8.) On June 18, 2026, Defendant moved to dismiss the second count of the indictment on the theory that bank robbery is not a crime of violence under the categorical approach. (Mot. at 1.) The Government opposed the motion for the "simple reason" that "binding Second Circuit precedent forecloses" this argument. (D.E. # 23 ("Opp.") at 1.) Defendant addressed these arguments in his reply. (D.E. # 25 ("Reply").) On June 26, I held a hearing and denied the motion. (D.E. # 26; see also Transcript of June 26, 2026 Hearing ("Tr.").)

## DISCUSSION

The Government is correct: Second Circuit precedent dictates that the motion be denied.

To determine whether a crime is a "crime of violence," I apply the "categorical approach," which involves evaluating "whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence," focusing "only on the elements of the offense" without "consider[ing] the particular facts of the underlying crime." United States v. Hendricks, 921 F.3d 320, 327 (2d Cir. 2019) (internal quotations and citations omitted). The first step in applying the categorical approach is to determine whether a statute is divisible, meaning it "criminalizes multiple acts in the alternative," or indivisible, meaning it simply "lists various factual means of committing a single crime." United States v. Moore, 916 F.3d 231, 238 (2d Cir. 2019) (citations omitted). The bank robbery statute at issue here reads:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). In Moore, the Second Circuit held that the statute is divisible as between its two paragraphs. 916 F.3d at 238. The parties here disagree about whether the first paragraph is also divisible.

It is. The first paragraph of § 2113(a) sets out two distinct crimes: one that is committed when someone, "by force and violence, or by intimidation, takes or attempts to take" a financial institution's property, and one that is committed when someone, "obtains or attempts to obtain by extortion" that property. 18 U.S.C. § 2113(a). Any other finding would contradict Second Circuit precedent. In United States v. Evans, the Second Circuit stated that § 2113(a) "contains at least two separate offenses, bank robbery and bank extortion." 924 F.3d 21, 28 (2d Cir. 2019) (quotation omitted). That statement was later ratified in Collier v. United States, where the Second Circuit again stated that "bank extortion" is a "separate crime" under § 2113(a).[1] 989 F.3d 212, 219 n.9 (2d Cir. 2021). The Second Circuit has been clear, therefore, that the first paragraph of § 2113(a) is divisible into "bank robbery" and "bank extortion."

Defendant attempts to evade this holding in two ways. First, he argues it is dicta. (Mot. at 6-7; Reply at 1-2.) Even if that were true, I am still more inclined to follow the language of the Second Circuit than the out-of-Circuit opinions proffered by Defendant. See Howland v. Resteiner, 07-CV-2332, 2007 WL 4299176, at *2 (E.D.N.Y. Dec. 5, 2007) ("While the Second Circuit's dicta . . . is not binding, it is nevertheless more persuasive to this Court than the decisions of the Northern District of Illinois cited by the defendants."). Second, he argues that Moore's holding regarding the divisibility of the two paragraphs of § 2113(a) indicates that "only two offenses are contained" within the statute. (Mot. at 5.) But the issue of the first paragraph's divisibility was not before the Court in Moore, and the subsequent pronouncements in Evans and

[1] Defendant argues that the language from Evans does not apply here because the defendant in that case had been convicted under an earlier version of the statute that did not include the "extortion" language. (Mot. at 6-7.) Even were I to credit this argument, Collier—which did apply the modern statute—resolves any doubt about Evans's efficacy.

Collier—even if they are dicta—clarify the Circuit's understanding that the first paragraph does indeed criminalize two distinct offenses.

This position is supported by the First, Third, Ninth, and Eleventh Circuits, which all have held that the first paragraph of § 2113(a) is divisible. See King v. United States, 965 F.3d 60, 69 (1st Cir. 2020); United States v. Vines, 134 F.4th 730, 734 (3d Cir. 2025); United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018); United States v. Armstrong, 122 F.4th 1278, 1285 (11th Cir. 2024). I recognize that other Circuits have disagreed. (See Reply at 2-3 n.2 (citing United States v. Butler, 949 F.3d 230, 234-35 (5th Cir. 2020); United States v. Burwell, 122 F.4th 984, 990 (D.C. Cir. 2024); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016)).) But I do not find those cases persuasive, and the Second Circuit has made it clear, through Evans and Collier, that it agrees with the former group. See Evans, 924 F.3d at 28 (quoting Watson, 881 F.3d at 786).

Having found that § 2113(a)'s first paragraph is divisible into "bank robbery" and "bank extortion," the question remains with which of these Defendant was charged and whether that charge itself constitutes a "crime of violence." See Moore, 916 F.3d at 238 (when a statute is divisible, "a court w[ill] apply the modified categorical approach and look to a limited class of documents, such as the indictment.") (internal quotation marks omitted). The Indictment in this case charges Defendant with bank robbery "by force, violence and intimidation." (D.E. # 8.) And the Second Circuit has clearly stated that bank robbery "by force and violence, or by intimidation categorically constitutes a crime of violence." United States v. Hendricks, 921 F.3d 320, 327 (2d Cir. 2019) (internal quotation marks omitted). Defendant has therefore been charged with a crime of violence.

## CONCLUSION

In sum, because the Second Circuit has indicated that the first paragraph of § 2113(a) is divisible into two crimes, because the Second Circuit has held that the first of those crimes is a "crime of violence," and because that is the crime with which Defendant is charged, Defendant's motion to dismiss Count Two of the Indictment is DENIED.

SO ORDERED.

Dated: July 24, 2026
Brooklyn, New York

/s Carol Bagley Amon

Carol Bagley Amon
United States District Judge